h JOHNSON, Justice.*
On recommendation of the Judiciary Commission, we are reviewing this case to determine whether the mandatory retirement provisions of Article V, Section 23(B) of the Louisiana Constitution of 1974 are applicable to Justices of the Peace.

FACTS:

Hayward Cedotal assumed the office of Justice of the Peace for Ward 2 of Assumption Parish in 1984, and has served continuously since that time. He was born on August 8, 1925. Subsequent to his seventieth (70th) birthday on August 8, 1995, Justice of the Peace Cedotal retained office. Citing La. Const, art. V, § 23(B), the Judiciary Commission brought to Cedotal’s attention the fact that it is mandatory that judges in the state of Louisiana retire upon attaining seventy (70) years of age. Justice of the Peace Cedo-tal nevertheless failed to retire and ^continued to retain his judicial office.
The Judiciary Commission filed the following Formal Charges against Justice of the Peace Cedotal:
1. That he has retained office in violation of Article V, Section 23(B) of the Louisiana Constitution of 1974, which provides for the compulsory retirement of state court judges upon the attainment of age seventy;
2. That he has violated Canons 1 and 2 of the Code of Judicial Conduct adopted by the Supreme Court of Louisiana, effective July 8,1996;
3. That he has violated Article V, Section 25 of the Louisiana Constitution of 1974 by engaging in:
(a) willful misconduct relating to his official duty; and/or
(b) persistent and public conduct prejudicial to the administration of justice that brings the judicial office into disrepute.
*1388 On May 15, 1997, the Judiciary Commission issued Findings of Fact and Conclusions of Law recommending that Justice of the Peace Hayward Cedotal be removed from office. The Judiciary Commission’s factual findings were based on answers to interrogatories and documents produced by Justice of the Peace Cedotal. A copy of his birth certificate confirmed his 1925 birth date.

DISCUSSION

Justices of the Peace were first mentioned in Title IV of the Louisiana Constitution of 1845. Article 62 of Title IV provided that “[t]he judicial power shall be vested in a supreme court, in district courts, and in justices of the peace.” La. Const. art. 62 (1845). Also, Article 81 addressed jurisdictional and election requirements for Justices of the Peace.[1] Subsequent Louisiana Constitutions ^provided for Justices of the Peace as elected members of the judiciary, with changes made only in terms of their authority and length of service. The 1921 Constitution gave Justices of the Peace concurrent jurisdiction with the district courts in all civil matters when the amount in dispute did not exceed one hundred dollars, as well as jurisdiction in other matters on a limited basis.[2] The Constitution of 1921 further gave the Legislature the power to abolish justice of the peace courts although there is no evidence that the Legislature ever exercised this authority.[3] Presently, Justices of the Peace have concurrent jurisdiction with the district courts in cases where the amount does not exceed $2,000.00. See La. C.C.P. arts. L911. See also, La. R.S. 13:2586.
The 1974 Constitution however, vests judicial power specifically in three courts. Article V, Section 1 provides:
_[£‘Section 1. The judicial power is vested in a supreme court, courts of appeal, district courts and other courts authorized by this Article.”
Justices of the Peace are omitted from any specific references in La. Const. art. V, § 1. However, they are included within such “other courts” by virtue of La. Const. art. V, § 20, which states that “mayors’ courts and justice of the peace courts existing on the date of this constitution are continued, subject to change by law.” The drafters’ intent of La. Const. art. V, § 20 was to continue justice of the peace and mayors’ courts, subject to the power of the Legislature to regulate, restructure, maintain or abolish such offices.
La. Const. art. V, § 23(A) provides:
(A) Retirement System. Within two years after the effective date of this constitution, the legislature shall provide for a retirement system for judges which shall apply to a judge taking office after the effective date of the law enacting the sys *1389 tem and in which a judge in office at that time may elect to become a member, with credit for all prior years of judicial service and without contribution therefor. The retirement benefits and judicial service rights of a judge in office or retired on the effective date of this constitution shall not be diminished, nor shall the benefits to which a surviving spouse is entitled be reduced. [Emphasis added].
The retirement system for judges provided for by the Legislature can be found in La. R.S. 11:551, et seq. La. R.S. 11:551 states in pertinent part:
“... the judges and court officers set forth in R.S. 11:553 who take office on and after July 1, 1983 shall become members of the Louisiana State Employees’ Retirement System and be eligible to obtain credit in and transfer credit to the system, as set forth herein....” [Emphasis added].
La. R.S. 11:553 specifically lists the judges and court officers eligible to participate in the State Employees Retirement System.[4] In this long, itemized list, Justices of | gthe Peace are specifically excluded. The length and particularity of the list signifies that the Legislature’s obvious exclusion of Justices of the Peace was intended. Because the Legislature gave such detailed attention to judges and court officers subject to the State Employees’ Retirement System, it is clear that had the Legislature intended La. R.S. 11:553 to apply to Justices of the Peace, it would have included them in this specific and particularized list as well. Further, Justices of the Peace neither contribute to, nor otherwise participate in, the State Employees’ Retirement System. Hence, because the Legislature excluded Justices of the Peace from the list of judges and court officers who are eligible to participate in the State Employees’ Retirement System, we find that they are not subject to the retirement system conditions of La. Const. art. V, § 23, including the mandatory retirement proviso embodied in subsection (B).
An examination of various provisions of Article V of the 1974 Constitution reveals that there is no conflict between La. Const, art. V and La. R.S. 11:553. As indicated hereinabove, the language contained in La. Const, art. V, § 20, which states that justice of the peace courts are “subject to change by law”, indicates that justice of the peace courts are subject to regulation by the Legislature. Also, La. Const. art. V, § 23(B) reads:
(B) Mandatory Retirement. Except as otherwise provided in this Section, a judge shall not remain in office beyond his seventieth birthday. [Emphasis added].
La. Const. art. V, § 20 is excepted from the mandatory retirement provision of Section 23(B). Therefore, although the Legislature was constitutionally mandated to provide a retirement system for judges, the decision of whether or not to include justices of the peace courts in the retirement system for judges was within the Legislature’s discretion. Thus, the Legislature acted within its authority under La. Const. art. V, § 20 when it excluded Justices of the Peace from the State Employees’ Retirement System.

*1390
DECREE

For the foregoing reasons, we find that the mandatory retirement provision of La. Const, art. V, § 23(B) is inapplicable to Justices of the Peace. Accordingly, the recommendation of the Judiciary Commission is rejected.
RECOMMENDATION REJECTED.
LEMMON, J., concurs and assigns reasons.
CALOGERO, C.J., and KIMBALL, J., concur for reasons assigned by LEMMON, J.

 Pursuant to Rule IV, Part 2, Section 3, Justice Marcus was not on panel.

. La. Const. Art. 81 (1845) provides:
The jurisdiction of justices of the peace shall never exceed, in civil cases, the sum of one hundred dollars, exclusive of interest, subject to appeal to the district court in such cases as shall be provided for by law. They shall be elected by the qualified voters of each parish for the term of two years, and shall have such criminal jurisdiction as shall be provided for by law.

. La. Const. Art. 7, § 48 (1921) provides:
Justices of the Peace and Constables
Jurisdiction
Section 48. Justices of the Peace shall have concurrent jurisdiction with the District Courts in all civil matters when the amount in dispute shall not exceed one hundred dollars, exclusive of interest, including suits for the possession or ownership of movable property not exceeding said amount in value, and in suits of landlords for the possession of leased premises, where the monthly or yearly rent or the rent for the unexpired term of the lease does not exceed said amount.
They shall have no jurisdiction in succession or probate matters, or when a succession is defendant, or when the State, parish or municipality, or other political corporation, is party defendant, or when the title to real estate is involved.
They shall have criminal jurisdiction, as committing magistrates only, and shall have power to bail or discharge, in cases not capital or necessarily punishable at hard labor, and may require bonds to keep the peace.

. La. Const. Art. 51 (1921) provides:
Abolition of justice of the peace courts; new courts
"The legislature shall have the power to abolish justice of the peace courts in wards embracing the parish seat, or containing cities of more than five thousand inhabitants, and to create in their stead courts with such civil jurisdiction as is now vested in justices of the peace, provided that such courts in cities of not in excess of ten thousand inhabitants shall have civil jurisdiction, concurrent with that of the district court,.... ”

. La. R.S. 11:553 provides:
§ 553 Eligible judges and court officers
This Subpart shall apply to all present and future judges and court officers hereinafter enumerated:
(1) Justices of Louisiana Supreme Court.
(2) The judicial administrator of the supreme court and his deputy or deputies.
(3) Judges of the courts of appeal.
(4) Judges of the district courts.
(5) Judges of Civil District Court for the Parish of Orleans
(6) Commissioners of the Civil District Court for the Parish of Orleans.
(7) Judges of the Criminal District Court for the Parish of Orleans.
(8) Magistrates of the magistrate section of the Criminal District Court for the Parish of Orleans.
(9) Commissioners of the magistrate section of the Criminal District Court for the Parish of Orleans.
(10) Judges of the juvenile courts for the parishes of East Baton Rouge, Orleans, Jefferson, and Caddo.
(11) Judges of the family court for the parish of East Baton Rouge.
(12) Judges of the first and second parish courts for the parish of Jefferson.
(13) Judges of the first and second city court of New Orleans, Municipal Court of New Orleans and traffic courts of New Orleans.
(14) Judges of the various city courts now existing or hereafter created in this state.
(15) Judges of any parish court now existing or hereafter created in this state.